UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:20-cr-27-FtM-38MRM

FRANCISCO JOAQUIN-SABINO
_____

### ORDER[1]

Before the Court is Defendant Francisco Joaquin-Sabino's Appeal of United States Magistrate Judge's Denial of Motion for Essential Medical Testing (Doc. 34), and the Government's response in opposition (Doc. 36). For the below reasons, the Court denies the appeal.

### BACKGROUND

Defendant pled guilty to illegally reentering this country under 8 U.S.C. § 1326(a) and will be sentenced later this month. In the interim, Defendant moved the Court to order the United States Marshal (and its designee, the Glades County Jail) to test him for COVID-19 because inmates and jail staff tested positive for the virus. He claimed not doing so violates his Fifth Amendment due process rights, Sixth Amendment right to counsel, and other statutory rights under 18 U.S.C. § 3553(a).

The Government opposed the motion. It argued that Defendant was challenging the conditions of his confinement, which requires a separate civil suit. The United States Magistrate Judge agreed with the Government, finding that "Defendant's motion

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

challenges the conditions of his confinement and, as such, Defendant's complaints must be raised in an appropriate civil cause of action after pursuing and exhausting administrative remedies." (Doc. 33 at 1 (citations omitted)). The Magistrate Judge also found that Defendant did not show how the lack of a COVID test denied his access to counsel or ability to prepare a defense. Finally, he rejected Defendant's § 3553(a) argument because the Court could order a medical exam if it needs more information than in the presentence investigative report. Defendant appeals the Magistrate Judge's decision. (Doc. 34).

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 59(a), a party may object to a magistrate judge's ruling on a non-dispositive matter. Fed. R. Crim. P. 59(a). The district court may "modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* A finding is clearly erroneous if the district court is "left with the definite and firm conviction that a mistake has been made." See *United States v. Pollock*, No. 3:11-cr-71, 2014 WL 5782778, at *1 (M.D. Fla. Nov. 6, 2014) (citing *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). The district court also reviews the magistrate judge's application of law de novo, because "application of an improper legal standard . . . is never within a court's discretion." *United States v. Doe*, No. 98-00721-CR, 2009 WL 10720338, at *3 (S.D. Fla. Oct. 23, 2009) (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002)); *see also United States v. Maradiaga*, No. 19-CR-00653, 2020 WL 2494578, at *1 (N.D. Cal. May 14, 2020) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." (internal quotes and citations omitted)).

**DISCUSSION**

Defendant's only claim on appeal concerns his due process challenge. According to Defendant, because another federal detainee at Glades County Jail was tested for COVID, due process requires him to be treated equally and tested too. Defendant maintains the Magistrate Judge made no finding on this argument.

The Government disagrees. It responds the Magistrate Judge's finding that Defendant must raise his complaints in a civil suit includes his due process challenge. The Government then addresses the merits, pointing out that "a rational basis for testing one inmate and not another may be because the tested inmate is exhibiting symptoms of the coronavirus. Nowhere does the defendant claim to exhibit any symptoms of the coronavirus, nor does he claim to have made an administrative request to be tested by the Glades County Jail." (Doc. 36 at 4-5).

After independently reviewing the record, parties' arguments, and applicable law, the Magistrate Judge correctly denied Defendant's motion. He addressed the due process argument, even if not directly. He found that "Defendant's motion challenges the conditions of his confinement" and must be raised in a separate civil suit. (Doc. 33 at 1). This language is clear and unmistakable: all Defendant's arguments—including due process—do not belong in this criminal action. The Magistrate Judge's finding on this point is neither clearly erroneous nor contrary to law. *See, e.g.*, *United States v. Darcy*, No. 1:17-CR-00036-MR-WCM, 2020 WL 2573251, at *4 (W.D.N.C. May 21, 2020); *United States v. Luong*, No. CR 99-433WBSGGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) ("As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the

relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case." (citations omitted)).

The Magistrate Judge was entirely correct to conclude that Defendant's due process argument is better suited for a civil case. The only parties to this criminal action are the Government and Defendant. But Defendant's claims of not receiving a COVID test involve the Marshal and Sheriff of Glades County who are responsible for his custody and care. Entertaining Defendant's motion would thus implicate serious due process concerns for them. *See, e.g., United States v. Andrews*, No. 1:12-CR-100, 2014 WL 1379683, at *3 (N.D.W. Va. Apr. 8, 2014).

Defendant's due process claim is also lacking a necessary component. Defendant argues that he is similarly situated to an unidentified inmate detained in the Glades County Jail who received a COVID test. But other than Defendant's say so, the record is devoid of facts showing that Defendant and the inmate are truly similarly situated. Such a finding is critical to a due process claim.

Two unrelated points bear mentioning. First, other than inmates and jail staff testing positive for the virus, Defendant has not shown his exposure to the disease. And he does not even allege to suffer from COVID symptoms. He no more knows that he has been exposed to the virus than any other illness. The Glades County Jail also has procedures in place, like medical isolation and treatment, should Defendant contract, or manifest symptoms of COVID.

Second, Defendant does not assert an inability to confer with his attorney telephonically or by video. Nor does he contend that doing so has undermined his ability to prepare his defense or build a relationship with his attorney. In fact, Defendant pleaded

guilty by a videoconference and voluntarily consented to have his sentencing conducted in the same manner. (Doc. 25; Doc. 28). The Court is satisfied that videoconference and telephone will allow Defendant access to counsel as needed.[2]

Accordingly, it is now

**ORDERED:**

Defendant Francisco Joaquin-Sabino's Appeal of United States Magistrate Judge's Denial of Motion for Essential Medical Testing (Doc. 34) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 17th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[2] All in-court hearings have been suspended because of COVID and that will not change for Defendant's sentencing. The Court will conduct the sentencing by videoconference and permit Defendant whatever time needed before or during sentencing to speak privately with his attorney.